EXHIBIT A

# GREGOR | WYNNE | ARNEY, PLLC

STACY W. BEASLEY						AUGUST 29, 2022
TWO HOUSTON CENTER
909 FANNIN ST., STE. 3800
HOUSTON, TX 77010
MAIN: (832) 390-2644
E-MAIL: SBEASLEY@GWAFIRM.COM

| | | |
|---|---|---|
| Andrew J. Mytelka | *Via email at*: | amytelka@greerherz.com |
| Victoria S. Rutherford | *Via email at*: | vrutherford@greerherz.com |
| Angie Olalde | *Via email at*: | aolalde@greerherz.com |
| Chelsi Honeycutt | *Via email at*: | choneycutt@greerherz.com |

2525 South Shore Blvd., Ste. 203
League City, Texas 77573

Re:   No. 3:22-cv-00230; *Am. Nat'l Ins. Co., et al v. LBH Ins., Ltd.*; U.S. District Court for the Southern District of Texas Galveston Division ("Lawsuit")

Dear Counsel:

This letter confirms my telephone conference with Victoria Rutherford and Angie Olalde, concerning LBH Insurance, Ltd.'s position that there is no diversity of jurisdiction in the above-referenced cause. As you requested, attached please find the affidavit of Amanda Hiwiller and redacted 12.29.2021 LBH Meeting Minutes, produced for the sole purpose of showing that at the time the suit was filed, Amanda Hiwiller, was (and is) the sole member of LBH. As a courtesy, I am also attaching the latest *draft* of LBH's Motion to Dismiss.

As we discussed, for diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. Because LBH's sole member, Amanda Hiwiller, is a Texas citizen and because Plaintiffs are also Texas citizens, there is no diversity, and the federal court lacks subject matter jurisdiction in this case. Because a party cannot waive subject matter jurisdiction, such jurisdiction can be contested up until final judgment.

Although Plaintiffs cannot create diversity by amending their pleadings, to fully comply with Judge Brown's courtroom procedures pertaining to Rule 12(b) Motions to Dismiss, Plaintiffs have 14 days from the date of this letter to amend their pleadings before LBH files its motion to dismiss.

Please let me know by the end of the business day tomorrow if Plaintiffs will agree to a Rule 41 stipulation of dismissal. Otherwise, to further judicial economy and avoid unnecessary litigation costs, LBH will ask the Court to stay all Rule 26 deadlines until the Court determines whether it has jurisdiction in this matter.

Best regards,

/s/ *Stacy Beasley*

Stacy Beasley

## AFFIDAVIT OF AMANDA HIWILLER

STATE OF TEXAS　　　　　§
　　　　　　　　　　　　§
COUNTY OF GALVESTON　　§

Before me, the undersigned authority, on this day personally appeared Amanda Hiwiller, known to me to be the person whose name is subscribed below, who being by me first duly sworn, deposed, and stated under oath as follows:

1. My name is Amanda Hiwiller. I am over the age of 18 years, have never been convicted of a felony, and am fully competent and duly authorized to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. LBH is a limited liability company, incorporated in Pennsylvania. I have been a member and owner of LBH since at least 2014 and have served as LBH's President since March of 2017. During the LBH Shareholders & Board of Directors Meeting on December 29, 2021, it was agreed that Francis Mitchell was to be removed as a member of LBH, effective February 1, 2022. Accordingly, as of February 1, 2022, I became the sole member and owner of LBH. *See* redacted Minutes of the 12/29/2021 LBH Shareholders & Board of Directors Meeting, attached and incorporated herein.

3. I moved from Pennsylvania to Texas with my family, on or around September 2017. In April, 2019, my husband, Larry Hiwiller, and I purchased and moved into a home at 1719 Garden Point Lane, League City, Texas (the "League City Home"). I have continuously lived at the League City Home with my husband, Larry Hiwiller, and two school-aged children since April, 2019. The League City Home is my sole residence and neither me nor any member of my immediate family own a secondary residence.

4. I am registered to vote in Texas, I have attended jury duty in Texas, I have a Texas driver's license, I pay taxes in Texas, I own real estate and personal property in Texas, I maintain a personal bank account in Texas, and I work remotely from my League City Home, in Texas. In addition, I am involved as a room parent at Nexus Futbol Academy in Pearland, Texas, where one of my sons attends school, I am a team parent for the Houston Dynamo Academy, and I served as a room parent for another son who attends a school in the Clear Creek Independent School District, in Texas. My family and I registered parishioners at St. Mary of the Expectation Catholic Church in League City, Texas, and I am actively involved in my Texas community, with no intention or plans to move from Texas.

5. I have established Texas as my domicile and am a citizen of the state of Texas.

Further affiant sayeth not.

_[signature]_
Amanda Hiwiller

SUBSCRIBED AND SWORN TO before me, a notary public in and for the State of Texas, by Mary Gordon on this the 29 day of August, 2022, to certify which witness my hand and seal of office.

_[signature]_
Notary Public, State of Texas

**MARY GORDON**
Notary Public, State Of Texas
Comm. Exp. 06-15-2025
Notary ID# 550747-2

2

# *MINUTES OF ALL THE*

# *SHAREHOLDERS & BOARD OF DIRECTORS MEETING*

# *OF*

# *L.B.H. INSURANCE, LTD*

A regular annual meeting of All the Shareholders and Board of Directors of the above corporation was held on December 29, 2021 at 9:00 AM at the corporation's place of business.

The purpose of the meeting:

1. Annual Meeting
2. Discussion of COVID19 Impacts
3. Request for "Earned Revenue" payment deferment
4. Determination of Chris Bernardine Bonus
5. Update Balance Remaining
6. Board Members
7. Officer Changes
8. "Lender" request Buy-Back Option
9. Situs relocation

**I. QUORUM.** A quorum was declared present based on the presence of All of the Shareholders and the following Directors:

- Director: Amanda L. Hiwiller

- Director: Francis D. Mitchell

**II. GUESTS.** The following guests were present at the meeting:

Larry B. Hiwiller, Jr.

Observer

The following corporate actions were taken by appropriate motions duly made, seconded, and adopted by the majority vote of All the Shareholders and the Directors entitled to vote (unless a higher voting approval is stated).

**III. REVISE/APPROVE PREVIOUS MINUTES.** The minutes of the December 31, 2020 meeting were approved.

**IV. ELECTION OF CHAIRPERSON AND SECRETARY.**

Amanda L. Hiwiller was appointed chairperson of the meeting, and Amanda L. Hiwiller was appointed as secretary to prepare a record of the proceedings.

**V. ELECTION OF DIRECTORS.** The following persons were elected as Directors for the terms provided in the bylaws. Non-voting members are denoted with an (*) and separated below:

Name:      Francis D. Mitchell
Term:      To Be Removed February 1, 2022
Address:   1008 Sea Shell Court
           Daytona Beach, Florida 32124

Name:      Amanda L. Hiwiller
Term:      4 Years
Address:   1719 Garden Point Lane
           League City, Texas 77573

**VI. ELECTION OF OFFICERS.** The following Officers were elected:

Name:      Amanda L. Hiwiller
Office:    President
Address:   1719 Garden Point Lane
           League City, Texas 77573

Name:      Amanda L. Hiwiller
Office:    Vice President
Address:   1719 Garden Point Lane
           League City, Texas 77573

Name:      Amanda L. Hiwiller
Office:    Treasurer/Secretary
Address:   1719 Garden Point Lane
           League City, Texas 77573

# Redacted

A motion was made to remove Francis D. Mitchell from the Principal and his Board seat. This motion was also passed by all directors.

He (Francis Mitchell) was directed that he must also request from all the providers (insurance and non-insurance providers) that all commissions, fees, and income to be

directed to him or another organization as soon as possible and be terminated as being assigned to L.B.H. Insurance, LTD. He was advised to cancel the assignment of commission to L.B.H. Insurance, LTD. and have it sent to him or assign it to another organization. As per the "Verbal Private Loan Agreement", the Lender is taking back the company utilizing the "buy-back option" with a "no loss"/"no gain" which means that all commissions will be diverted to Francis at his discretion and all bills must be paid that are owed by L.B.H. Insurance prior to transitioning back to the Lender. Any funds paid to L.B.H. Insurance after January 15th, 2022 by any vendor will be kept by L.B.H. Insurance as it is up to Francis Mitchell (and Chris Bernardine) to have the all income, commissions, and fees redirected. This motion was unanimously passed by **ALL** the directors in attendance. Any payments or commissions paid to L.B.H. Insurance, LTD from January 1, 2022 to January 15, 2022 will be paid directly to Francis Mitchell from L.B.H. Insurance, LTD. and a correlating 1099 would be created as he completed an I9 for payment. This motion was unanimously passed by **ALL** the directors in attendance.

A request was made and unanimously approved to situs the office in League City, Texas. The Board unanimously approved this motion, and the effective date is 12/29/2021 and paperwork is going to be completed by the attorney and will be in effect for current tax year. This motion was unanimously passed by **ALL** the directors in attendance.

# Redacted

Redacted

The next meeting of the Board of Directors will be held on December 29, 2022, at 9:00 AM, at the corporation's place of business.

There being no further business, the meeting was duly adjourned.

These Minutes are certified by L.B.H. insurance, LTD's President.

By: _____  Date: Dec 29, 2021

Amanda L. Hiwiller

President

**DRAFT**

IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY AND STANDARD LIFE ACCIDENT INSURANCE COMPANY, <br>     Plaintiffs, <br><br> v. <br><br> LBH INSURANCE, LTD. <br>     Defendant. | § § § § § § § § § § | CIVIL ACTION NO. 3:22-cv-00230 |

**LBH INSURANCE, LTD'S MOTION TO DISMISS FOR
LACK OF DIVERSITY JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant LBH Insurance, Ltd. ("LBH") files this Motion to Dismiss on grounds that the parties are not diverse and, therefore, the Court lacks subject matter jurisdiction over this matter. In support of this motion, LBH respectfully shows the following:

**I.
RELEVANT FACTS**

**A. 28 U.S.C. § 1332(a) is the sole basis for this Court's Jurisdiction**

Plaintiffs, American National Insurance Company and Standard Life and Accident Insurance Company ("Plaintiffs"), filed their Original Complaint, asserting diversity of citizenship, under 28 U.S.C. § 1332(a), as the sole basis for conferring jurisdiction upon this Court. Specifically, Plaintiffs assert that while they are citizens of Texas, diversity exists because LBH, a limited liability company, was incorporated in Pennsylvania. *See*

**DRAFT**

Plaintiffs' Original Complaint, ¶¶ 5-7.

    B. **Plaintiffs and Defendant are citizens of the same state - Texas**

Plaintiffs are Texas corporations with their principal place of business in Texas. *Id.* at ¶¶ 5-6. Accordingly, Plaintiffs are citizens of the state of Texas for the purpose of determining diversity jurisdiction. *See Hertz Corp. v. Friend,* 559 U.S. 77, 80–81 (2010).

Defendant and Counter-Plaintiff LBH Insurance, Ltd. ("LBH") is a limited liability corporation, incorporated in the state of Pennsylvania. *See* Plaintiffs' Original Complaint, ¶ 7. *See also* ¶2 of Amanda Hiwiller's affidavit, attached as Exhibit A and incorporated herein for all purposes. However, as discussed further below, the citizenship of a limited liability company is determined by the citizenship of its members, not by its place of incorporation. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir.2008).

    C. **LBH's sole member, Amanda Hiwiller, is a Texas citizen.**

Amanda Hiwiller has been a member and owner of LBH since at least 2014 and has served as LBH's President since March, 2017. During the LBH Shareholders & Board of Directors Meeting on December 29, 2021, it was agreed that Francis Mitchell was to be removed as a member of LBH, effective February 1, 2022. *See* Exhibit A ¶2 and redacted Minutes of the 12/29/2021 LBH Shareholders & Board of Directors Meeting, attached to Exhibit A. ("12/29/2021 Minutes"). Accordingly, as of February 1, 2022, Ms. Hiwiller became the sole member and owner of LBH. *Id.*

Ms. Hiwiller is a Texas citizen. She moved to Texas in September 2017, when her family relocated from Pennsylvania. *Id.* at ¶3. In April 2019, Ms. Hiwiller and her husband, Larry Hiwiller, purchased and moved into their current home at 1719 Garden

**DRAFT**

Point Lane, League City, Texas (the "League City Home"). *Id.* The Hiwillers have continuously lived in their League City Home since April 2019. *Id.* The League City Home is Amanda Hiwiller's and her immediate family's sole residence and neither Ms. Hiwiller nor any member of her immediate family own a secondary residence. *Id.*

Ms. Hiwiller is registered to vote in Texas, has attended jury duty in Texas, has a Texas drivers' license, pays taxes in Texas, owns real estate and personal property in Texas, maintains a personal bank account in Texas, and works remotely from her League City Home, in Texas. *Id.* at ¶4. In addition, Ms. Hiwiller is involved as a room parent at Nexus Futbol Academy in Pearland, Texas, where one of the Hiwiller's sons attends school, she is a team parent for the Houston Dynamo Academy, and she served as a room parent for another son who currently attends school in the Clear Creek Independent School District, in Texas. *Id.* Ms. Hiwiller and her family are registered parishioners at St. Marry of the Expectation Catholic Church in League City, Texas, and she is actively involved in her Texas community, with no intention or plans to move from Texas. *Id.*

## II.
## LEGAL ARGUMENT AND AUTHORITIES

### A. Federal courts have limited jurisdiction.

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Id.*, *citing Stafford v. Mobil Oil Corp.*, 945 F.2d

**DRAFT**

803, 804 (5th Cir.1991) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.") (*quoting Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988)).

    B. **For diversity jurisdiction, complete diversity of citizenship is required.**

Federal district courts possess original jurisdiction over any civil action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, such that no plaintiff can be a citizen of the same state as any defendant. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); 28 U.S.C. §1332. *See also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.").

    C. **Citizenship of a limited liability company is determined by the citizenship of its members.**

The citizenship of a corporation is measured by the state in which it is incorporated and the state of its principal place of business, which is the state in which the corporation's nerve center is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 80–81 (2010).

As this Court addressed in its Order for Conference and Disclosure of Interested Parties, unlike in corporations, the citizenship of a limited liability company or a partnership is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir.2008). In the present case, Plaintiffs

**DRAFT**

wrongly invoked this Court's limited jurisdiction by improperly claiming diversity exists on grounds that LBH, a limited liability company, was incorporated in Pennsylvania. *See* Plaintiffs' Original Complaint, ¶7.

Because LBH's sole member, Amanda Hiwiller, is a citizen of Texas, both the Plaintiffs and Defendant are citizens of the same state. Plaintiffs have, accordingly, failed to establish diversity jurisdiction.[1]

### D. <u>Diversity jurisdiction cannot be waived.</u>

Parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); Fed.R.Civ.P. 12(h)(3); *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941).

Because diversity jurisdiction involves subject matter jurisdiction and is not procedural, it cannot be waived and may be considered at any time before judgment. *Ku v. Austin Convention Condo. Ass'n, Inc.*, 2009 WL 10700884 at *3(W.D. Tex. Dec. 1, 2009) *citing Williams v. AC Spark Plugs Div. of General Motors Corp.,* 985 F.2d 783, 787 (5th Cir. 1993); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent. It is equally true that federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties.").

---

[1] Plaintiffs incorrectly claim that Larry Hiwiller, Amanda Hiwiller's husband, was LBH's president and owner at the time the suit was filed. Plaintiffs' Original Complaint, ¶ 7. Larry Hiwiller, however, is also a Texas citizen. Therefore, assuming *arguendo* for the sole purpose of assessing diversity, it would not matter whether Amanda Hiwiller, Larry Hiwiller, or both, were members of LBH when suit was filed. There is no diversity, and this Court is without subject matter jurisdiction.

**DRAFT**

E.  **There is no other basis for federal jurisdiction.**

Diversity was the only possible basis for federal jurisdiction in this lawsuit. Plaintiffs' claims arise under Texas law and there is no federal question that would confer jurisdiction upon this Court.  Because the Plaintiffs in this case are citizens of the same state as Defendant, there is no diversity, and this Court is without jurisdiction to hear the claims in this lawsuit.  Further, there is no scenario in which Plaintiffs, by amending their pleadings, can confer jurisdiction on this Court.  Accordingly, dismissal of the case is proper at this time.

## III.
## CONCLUSION

WHEREFORE, premises considered, LBH Insurance, Ltd., respectfully requests the Court to find that Plaintiffs have failed to establish diversity jurisdiction and as a result, the Court is without subject matter jurisdiction to hear this case. LBH further requests the Court to dismiss this case in its entirety, for lack of jurisdiction.

Respectfully submitted,

_____
Michael J. Wynne
Federal ID No. 18569
State Bar No. 00785289
Email: mwynne@gwafirm.com
Stacy W. Beasley
Federal ID No. 21897
State Bar No. 00783618
Email: sbeasley@gwafirm.com
GREGOR │ WYNNE │ ARNEY, PLLC
700 Louisiana, Suite 3950
Houston, Texas 77002

**DRAFT**

(832) 448-3119
(832) 390-2655 – Fax

**ATTORNEYS FOR DEFENDANT LBH INSURANCE, LTD.**

### CERTIFICATE OF CONFERENCE

I hereby certify that on August 29, 2022, I conferred with Victoria Rutherford and Angie Olalde, counsel for Plaintiffs to discuss the parties' lack of diversity and to address whether Plaintiffs would agree to a Rule 41 stipulation of dismissal on grounds that the Court lacks subject matter jurisdiction in this case. [TO BE COMPLETED PRIOR TO FILING].

Stacy Beasley

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to all parties of record via the court's electronic notification system on September___, 2022.

Stacy Beasley