IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY AND STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § | Civ. Action No. 3:22-cv-00230 |
| V. | § § | |
| LBH INSURANCE, LTD., LARRY B. HIWILLER, JR., and AMANDA HIWILLER, | § § § § | JURY |
| Defendants. | § | |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE
TO AMEND COMPLAINT**

Plaintiffs, American National Insurance Company ("American National") and Standard Life and Accident Insurance Company ("Standard Life") file this opposed motion under Rule 15(a) and the Court's rule of practice 6, and ask the Court to grant them leave to file their Second Amended Complaint.

Defendants LBH Insurance Ltd., Larry B. Hiwiller and Amanda Hiwiller ("Defendants") did not confer with Plaintiffs about the arguments raised in their Motion to Dismiss. Dkt. 21. Only Defendant LBH Insurance, Ltd. ("LBH") conferred with Plaintiffs, and only about its argument that the Original Complaint failed to establish subject matter jurisdiction. In the Motion to Dismiss, Defendants raise multiple substantive challenges to the allegations, including limitations, nine separate challenges to Plaintiffs' Racketeering Influenced and Corrupt Organizations ("RICO") Act claims, and challenge allegations concerning the individual defendants. Defendants did not confer with Plaintiffs about any

1

of these arguments. *See* Dkt. 21 at 26 (Motion to Dismiss lacks certificate of conference).

Plaintiffs therefore ask the Court to grant leave to amend before hearing any arguments raised in Defendants' Motion. Plaintiffs have conferred with counsel for Defendants regarding the substance of this motion, and Defendants are opposed to the requested relief.

## BACKGROUND

Plaintiffs filed this lawsuit against LBH on June 29, 2022. Dkt. 1. On July 29, 2022, LBH filed its original answer and counterclaims. Dkt. 7. Plaintiffs filed answers on August 18, 2022. Dkts. 9-10. On August 29, 2022, counsel for LBH conferred with Plaintiffs' counsel about LBH's position that the court lacked diversity jurisdiction. *See* Dkt. 21-1 (letter for conference enclosing draft motion to dismiss). Plaintiffs filed their First Amended Complaint on September 12, 2022, removing allegations of diversity jurisdiction (Dkt. 12 at 2), and adding individual defendants as well as claims for violations of RICO. The Court granted an unopposed request for Defendants to file their responses until November 14, 2022. Dkt. 20. On November 14th, Defendants each filed an answer and counterclaims (Dkts. 22-24), and a joint Motion to Dismiss (Dkt. 21). Plaintiffs' responses to Defendants' counterclaims are due December 5, 2022.

The parties met and conferred pursuant to Rule 26(f) on November 16, 2022. At the conference, counsel discussed what position Defendants would take on Plaintiffs' request to amend. On November 21, 2022, Defendants' counsel stated that Defendants opposed Plaintiffs' request. The deadline to respond to Defendants' Motion is December 5, 2022, and the initial conference is December 7th. Plaintiffs therefore ask the Court to grant them

leave to amend, and to set Plaintiffs' deadline to file their Second Amended Complaint as December 30, 2022.[1]

## ARGUMENT

The Court has broad discretion to grant leave to amend. *See Gann v. Smith*, 443 F.2d 352, 353 (5th Cir. 1971). The Federal Rules of Civil Procedure provide that courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit construes this language to "evince[] a bias in favor of granting leave to amend." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). Courts must have a "substantial reason" to deny a request to amend. *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002).

Additionally, pursuant to the Court's Rule of Practice 6, a pre-motion conference is required to effect efficient case advancement and cost minimization to the parties. As none has occurred for the arguments raised in Defendants' motion, Plaintiffs seek leave to amend.

Plaintiffs also seek leave to amend under the Rules. In determining whether amendment should be allowed, courts in this Circuit consider whether any of the following exists: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5)

---

[1] When conferring with Defendants' counsel, Plaintiffs initially proposed a deadline of December 15th, which Defendants objected to as it would place their responsive deadline at December 29th, between the Christmas and New Year's holidays. Considering the holidays and Plaintiffs' upcoming deadline to respond to Defendants' counterclaims, Plaintiffs requests that the Court permit them until December 30, 2002 to amend.

3

futility of an amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).[2] None of these factors exist here.

First, Plaintiffs are seeking leave to amend seven days after the Motion to Dismiss was filed, and more than 15 days before the initial conference. There is not even a scheduling order yet, at this early stage. Regarding the second and third elements, Plaintiffs ask leave to amend in an effort to address the multiple new arguments raised by Defendants in their Motion and thereby streamline the issues for the Court to consider upon amendment, and there have been no prior efforts to cure any of these issues by a prior amendment. Fourth, there is no undue prejudice to Defendants for allowing an amendment, as discovery has not even begun.

Plaintiffs anticipate that Defendants will argue futility should prevent amendment. However, Defendants' arguments depend upon detailed factual challenges, including as to when claims should have accrued in a case involving multiple continuing violations over an approximate four-year period which falls largely within the limitations period. *See* First Am. Compl. at ¶¶31, 75 (alleging that, as part of the Defendants' RICO violations, "LBH received unauthorized commission and bonus payments which were sent electronically to a Pennsylvania bank account beginning in August 2017 through December 2021"). Defendants also raise detailed fact-based challenges to the RICO allegations and each defendant's involvement in them. But permitting amendment at this early stage is not futile.

---

[2] In *Smith*, leave to amend was properly denied where the request was not made until four days after the jury trial began, at which time adding a cause of action would unduly prejudice the other side. *Smith v. EMC Corp.*, 393 F.3d 590, 594 (5th Cir. 2004). These circumstances are not present here.

The Fifth Circuit has held that granting leave to amend is "especially appropriate" when courts have dismissed a complaint for failure to state a claim. *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 179 (5th Cir. 1977). Defendants argue in their Motion to Dismiss that Plaintiffs fail to state a claim that would overcome their limitations defenses (Dkt. 21 at 5), and fail to adequately plead civil RICO violations (Dkt. 21 at 11-22). It is especially appropriate here to permit amendment, as amendment here is consistent "with the spirit of the Federal Rules." *See Griggs*, 563 F.2d at 179-80.

## PRAYER

Plaintiffs ask that the Court grant this Motion, give them leave to amend their First Amended Complaint, and set a deadline for filing that amended pleading for no later than December 30, 2022.

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By:   *Angie Olalde*_____
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 14767700
Fed. ID No. 11084
amytelka@greerherz.com
Victoria S. Rutherford
State Bar No. 24110309
vrutherford@greerherz.com
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 (Telephone)
(866) 422-4270 (Facsimile)

Angie Olalde<br>
State Bar No. 24049015<br>
Fed. ID No. 690133<br>
aolalde@greerherz.com<br>
Chelsi Honeycutt<br>
State Bar No. 24073478<br>
Fed. ID No. 3311304<br>
2525 South Shore Blvd., Ste. 203<br>
League City, Texas 77573<br>
(409) 797-3200 (Telephone)<br>
(866) 422-4406 (Facsimile)<br>

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Defendants regarding the substance of this motion, and Defendants are OPPOSED to the requested relief.

*/s/ Angie Olalde*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2022, a copy of this document was served on all counsel of record via the court's ECF system.

*/s/ Angie Olalde*